# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN A. COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CIV-20-763-STE |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 12-23). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 26, 2018, the application date. (TR. 14). At step two, the ALJ determined that Mr. Cox had the following severe impairments: obesity; hypertension; gout; coronary artery disease; status post congestive heart failure; cardiomyopathies; bipolar disorder; generalized anxiety disorder; and major depressive disorder. (TR. 14). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15).

At step four, the ALJ concluded that Mr. Cox retained the residual functional capacity (RFC) to:

> [L]ift and carry ten pounds occasionally and less than ten pounds frequently. The claimant can sit for about six-hours during an eight-hour workday and can stand and walk for at least two-hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can frequently handle and finger. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can relate to supervisors and co-workers for incidental work purposes. The claimant can have no contact with the general public. The claimant can adapt to a work situation. 20 CFR 416.967(a)[.]

(TR. 18).

At the administrative hearing, the ALJ presented these limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 54-55). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles (DOT). (TR. 55). The ALJ adopted the VE's testimony and concluded that Mr. Cox was not disabled at step five based on his ability to perform the identified jobs. (TR. 23).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

Mr. Cox alleges error in the ALJ's consideration of Plaintiff's subjective allegations. (ECF No. 23:9-16).

## V. THE ALJ'S CONSIDERATION OF PLAINTIFF'S SUBJECTIVE ALLEGATIONS LACKED SUBSTANTIAL EVIDENCE

The Court agrees with Mr. Cox regarding his claim that the ALJ erred in his consideration of Plaintiff's subjective allegations.

### A. ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

Social Security Ruling 16-3p provides a two-step framework for the ALJ to evaluate a claimant's subjective allegations. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). First, the ALJ must make a threshold determination regarding "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.*, at *2. Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. *Id.* At step two, the ALJ will examine the objective medical evidence, the claimant's statements regarding his symptoms, information from medical sources, and "any other relevant evidence" in the record. *Id.*, at *4. SSR 16-3p also directs the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;
- The location, duration, frequency, and intensity of pain or other symptoms;
- Factors that precipitate and aggravate the symptoms;

4

- The type, dosage, effectiveness, and side effects of any medication;

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*, at *7. Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

### B. The ALJ's Evaluation of Plaintiff's Subjective Allegations Lacked Substantial Evidence

In formulating the RFC, the ALJ stated that he had considered Mr. Cox's subjective allegations. (TR. 18). The ALJ then: (1) set forth the two-step framework under SSR 16-3p, (2) summarized the Plaintiff's hearing testimony and medical evidence, and stated:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(TR. 19). By means of explanation, the ALJ then stated:

> In evaluating the claimant's allegations and symptoms under SSR 16-3p, the undersigned finds the claimant's allegations to be generally inconsistent with the record. The claimant testified to gout so severe it was leaving him bedridden at times and making him unable to walk without an assistive device or make proper use of his hands. However, treatment notes indicated greater levels of functioning with his complaints of gout pain, often followed by periods of over-exertion, including doing work at friend's house and working throughout the day in his back yard. However, even

> during the periods, the claimant was noted with normal range of motion, normal coordination, normal strength, no swelling of any joints and an ability to bear weight and ambulate, supporting greater levels of functioning then alleged. Similarly, the claimant reported that his pain was controlled after being administered a pain medication.
> 
> . . .
> 
> The claimant testified that he could not grip things with his hand with treatment notes indicating some right hand contracture and deformity, but later testified that he was able to grip a cane with his right hand without difficulty.

(TR. 21).

Mr. Cox alleges that in evaluating his subjective allegations, the ALJ erred in failing to consider Plaintiff's episodic flare-ups with gout which caused 2-3 "bad days" per week, rendering him immobilized and unable to use his hands. (ECF No. 23:9-16, TR. 41). According to Mr. Cox, the rationales offered by the ALJ in support of his "do not address Cox's allegations of bad days related to gout" and "do not explain how the ALJ considered the episodic nature of the impairment." (ECF No. 23:11). The Court agrees that the ALJ's evaluation of Plaintiff's subjective allegations lacked substantial evidence because the ALJ failed to discuss the impact of Plaintiff's "bad days" which were caused by gout flare-ups.

At the hearing, Mr. Cox testified that his gout causes hand numbness and renders him unable to open his hands, with his left hand being "locked open" and his right hand being "locked closed." (TR. 39). According to Plaintiff, he suffers two-three "bad days" a week with his gout, which causes him "severe pain to completely crippling pain where [he] can't move at all." (TR. 40). Plaintiff described a "bad day" as: "when the joints get swollen up and the wind—and the wind blowing feels like razor blades going across [his] skin and [he] can't even move and it just throbs all day and it - - [his] blood pressure's

up because [he's] having so much pain. It's like [his] joints being dislocated with glass." (TR. 41). On a "bad day," Plaintiff stated that he is immobilized in severe pain and stays in bed all day, causing him to have to sometimes use a bedpan and ask for help from his sister in cleaning himself after using the restroom because of his inability to do it himself. (TR. 42).

In his recitation of Plaintiff's hearing testimony, the ALJ acknowledged that Mr. Cox had testified to "really bad days" which caused him to have to visit the emergency room for a steroid injection to release muscle tension. (TR. 18). Even so, the ALJ omitted any reference to what Mr. Cox characterized as "bad days" 2-3 times per week. (TR. 18). Under similar circumstances, the Tenth Circuit Court of Appeals found that the omission of such evidence rendered the ALJ's decision lacking in substantial evidence.

In *Borgsmiller v. Astrue*, 499 F. App'x 812 (10th Cir. 2012), the plaintiff suffered from flare-ups of pain which resulted in her being bedbound and interfered with her ability to work. *Borgsmiller v. Astrue*, 499 F. App'x 812-814. In discounting the plaintiff's subjective allegations, the ALJ relied on a decreasing frequency of the pain flare-ups, coupled with the plaintiff's ability to do chores on her "good days." *Id.* at 817-818. The Tenth Circuit found these rationales inadequate because the plaintiff had specifically testified: "[t]here are days that I can get up and I can ... feel better and I can do some things. There are other times where I'm either sitting in my recliner or I'm in bed and there are other times I do not get out of bed for weeks at a time." *Id.* at 818. In light of this testimony, the Court found that "although the ALJ tied her credibility finding to some specific evidence in the record, we conclude none of the evidence relied upon, neither

7

the decreasing frequency of flares nor [the plaintiff's] alleged ability to do some daily activities, provide[d] substantial evidence that Ms. Borgsmiller's complaints of pain were incredible." *Id.* at 819 (internal citation omitted).

*Borgsmiller v. Astrue* is persuasive. As in *Borgsmiller*, Mr. Cox specifically testified that he suffered from "bad days" with his gout 2-3 days per week which essentially keeps him bedridden. The ALJ omitted this portion of Plaintiff's testimony and instead focused on: normal examination findings, one record of pain being controlled following medication, and Plaintiff's ability to grip a cane without difficulty. (TR. 21). But the problems with these rationales are: (1) the "normal examination findings" and the report of controlled pain represent only a small snapshot in the larger picture of Plaintiff's limitations related to his gout and (2) Plaintiff never testified that he could grip a cane "without difficulty," only that the day of the hearing, which Plaintiff classified as a "good day," he was using a cane to ambulate. (TR. 43). As noted in *Borgsmiller*, "the pertinent issue in determining whether [plaintiff] is disabled within the meaning of the Act is whether she can work on a regular and continuing basis. Accordingly, there must be substantial evidence that [plaintiff] can engage in substantial gainful activity on a regular and continuing basis despite her flares of severe pain[.]"). *Borgsmiller*, 499 F. App'x at 819, n. 7. Because the ALJ did not acknowledge Plaintiff's "bad days" which appear to affect his ability to work 2-3 days per week, remand is appropriate. *See Borgsmiller*, 499 F. App'x at 819 ("[A]lthough the ALJ tied her credibility finding to some specific evidence in the record, we conclude none of the evidence relied upon … provides substantial evidence that [Plaintiff's] complaints of pain were incredible.").

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on June 30, 2021.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE